## Golden Estate

*Baker, Watts & Woods*, for accountant.

BOYLE, P. J., August 27, 1951.—The question involved may be stated as follows: When a decedent dies intestate, survived by her husband and a brother, and real estate is part of the balance for distribution in the administrator's account, and the real estate is claimed by the surviving husband at the audit as part of his spouse's allowance, may the orphans' court distribute the real estate in kind at the inventory value under section 734 of the Fiduciaries Act of April 18, 1949, P. L. 512? Or is the surviving husband required to proceed to have the real estate set apart to him under the provisions of section 10 of the Intestate Act of April 24, 1947, P. L. 80?

The balance for distribution in the first and final account of the administrator is $1,310.78 cash and an undivided one-half interest in real estate valued in the inventory at $5,000. Decedent was survived by her husband and a brother. At the audit the husband claimed his spouse's allowance under the Intestate Act of 1947. The allowance will completely exhaust the estate. Counsel for the administrator contends that the real estate may be set apart to the surviving hus-

band by a decree of distribution under section 734 of the Fiduciaries Act of April 18, 1949, P. L. 512, without complying with section 10 of the Intestate Act of April 24, 1947, P. L. 80.

The comment of the Joint State Government Commission under section 10(a) of the Intestate Act of April 24, 1947, P. L. 80, is, in part, as follows:

"COMMENT—No special procedure is required to give a right of selection in personal estate to the surviving spouse. That is merely a matter of distribution. However, in the case of real estate it becomes important to know the exact title of the spouse, and thus procedure is provided for establishing the spouse's rights in real estate. The spouse's right can be enforced by choosing particular real estate or by forcing a sale thereof, as in the case of a legacy, without resorting to the complicated requirements of the Partition Act."

Section 10(b) of the Intestate Act of 1947 provides, in part, as follows:

"(b) From Real Estate. If the allowance is to be set apart in whole or in part out of real estate, the appraisement of the real estate shall be made by two appraisers who shall be appointed by the orphans' court . . . When real estate is located outside of the county of original jurisdiction, the orphans' court of the county of original jurisdiction may, in its discretion, direct that an application for the appointment of appraisers shall be made to the orphans' court of the county in which the real estate is located to fix the value of such real estate. The appraisers so appointed shall fix the value of the real estate as of the date the claim is presented in court and shall receive such compensation as shall be allowed by the court appointing them. Exceptions to appraisements wherever made shall be filed with the court of original jurisdiction which may in its discretion refer the exceptions to the orphans' court of the county in which the real estate

is located. Upon compliance with such requirements of notice as the court shall prescribe, the court of original jurisdiction may confirm such appraisement and set apart such real estate to the surviving spouse."

It is to be noted that under section 10 of the Intestate Act of 1947 the value of the real estate to be set apart shall be fixed ". . . as of the date the claim is presented in court . . ." Distribution under section 734 of the Fiduciaries Act of 1949 would be at inventory value which is the value at the date of death. See section 402 of the Fiduciaries Act of 1949. Another conflict would appear in the cases involving a distribution of real estate located outside the county of original jurisdiction.

The case at bar is to be distinguished from one in which ". . . the decedent died leaving no known heirs . . ." (see section 11 of the Intestate Act of 1947). Counsel for the administrator contends that even though there are other heirs, as in the instant case, the requirements of appraisement and notice are satisfied by the value fixed in the inventory and appraisement and by the notice given of the audit. Notice of the filing and audit of an administrator's account would not apprise an heir that the spouse's allowance was being claimed out of the real estate in the account. Nor would an heir in these circumstances have notice of his right to challenge the value of the real estate as set forth in the inventory and appraisement.

Section 10 of the Intestate Act of 1947 is not expressly or impliedly repealed by the Fiduciaries Act of 1949. The auditing judge holds that, in the state of facts obtaining in the case at bar, the real estate shown in the administrator's account must be set apart to the surviving husband in a proceeding under section 10 of the Intestate Act of 1947 and not in a decree of distribution entered under the provisions of section 734 of the Fiduciaries Act of 1949.

Distribution of the balance shown in the account will be suspended in the hands of the accountant pending a proceeding and a decree setting apart the real estate to the surviving husband in accordance with the provisions of section 10 of the Intestate Act of 1947.